IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CURTIS LEON DAVIS,

    Plaintiff,

v.                              CASE NO. 1:10-cv-00095-MP-AK

SADIE DARNELL, et al,

    Defendants.

_____/

# O R D E R

Plaintiff, an inmate at Santa Rosa Correctional Institution, initiated this case by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed as a pauper (Doc. 2). The Complaint concerns an alleged fabrication of evidence by Defendant Zingg that resulted in Plaintiff's arrest and these charges were "nolle prossed." Although Plaintiff sues five Defendants, he alleges facts concerning Zingg only.

Plaintiffs' motion to proceed as a pauper (Doc. 2), is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee. Because Plaintiff has insufficient funds, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, Plaintiff is hereby assessed the total $350.00 filing fee in this case.

As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to

the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number (#); and, (3) Northern District of Florida Case Number (Case No. 1:10cv95-MP/AK). Checks or money orders which do not have this information will be subject to return. Accordingly, the **Clerk** shall mail a copy of this Order by mail to: **Department of Corrections, Office of the General Counsel, 2601 Blair Stone Road, Tallahassee, FL 32399-2500.**

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf. For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

## AMENDMENT OF COMPLAINT

Pursuant to the Prison Litigation and Reform Act, the Court shall dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.

As the Court stated above, Plaintiff cites facts alleging that Defendant Zingg fabricated evidence against him resulting in his arrest, but the charges were allegedly resolved in his favor. He has attached a Case Action Report dated January 14, 2009, that indicates that charges were dismissed in a case against him. Plaintiff claims that Zingg falsified legal documents to obtain a

*Case No: 1:10-cv-00095-MP-AK*

search warrant.  Plaintiff does not state what legal documents he is referring to or how they were falsified.  However, where the decision to issue a warrant is put to an intermediate such as a magistrate or a grand jury, "the intermediate's decision breaks the causal chain and insulates an initiating party" [Defendants] from liability for a constitutional violation arising out of the arrest. Rodriguez, 556 F.2d at 1193.  "The intervening acts of the prosecutor, grand jury, judge and jury...each break the chain of causation unless Plaintiff can show that these intervening acts were the result of deception or undue pressure by the defendant law policemen." Barts v. Joyner, 865 F.2d 1187, 1195 (11th Cir. 1989).

Further, the existence of probable cause is an absolute bar to a section 1983 suit for false arrest.  Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir. 1998); Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996); Marx v. Gumbinner, 905 F.2d 1503, 1506 (11th Cir. 1990).  See also Kingsland v. City of Miami, 2004 WL 1050743 (11th Cir. (Fla)).  The standard for determining whether probable cause exists in the Eleventh Circuit is the same standard under Florida and federal law -whether " 'a reasonable man would have believed [probable cause existed] had he known all of the facts known by the officer.' " United States v. Ullrich, 580 F.2d 765, 769 (5th Cir. 1978), *quoting* State v. Outten, 206 So.2d 392, 397 (Fla. 1968).

Plaintiff concedes in his complaint that there were several audio and video recordings made of drug buys involving him.  These facts clearly establish probable cause.  It is immaterial that the charges against Plaintiff were nolle prossed.  "The Constitution does not guarantee that only the guilty will be arrested." Baker v. McCollan, 443 U.S. 137, 145 (1979).  Section 1983 does not provide a cause of action for every defendant acquitted or every suspect released. Id.; Rodriguez v. Ritchey, 556 F.2d 1185, 1190-91 (5 Cir. 1977).  The Fourth Amendment requires only that arrest be made pursuant to a reliable and fair determination of probable cause. Baker,

supra at 142.

In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to amend his Complaint to allege additional facts against the other defendants or delete them from the pleading and to set forth more facts explaining how Defendant Zingg falsified documents that caused his arrest.

To amend his complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint. After completing the new form, Plaintiff should mail it to the Court with a <u>copy for each defendant</u>. In amending, Plaintiff should carefully review the following to determine whether he can present allegations sufficient to state a cause of action:

> 1) Plaintiff must state what rights have been violated under the Constitution, laws or treaties of the United States. It is improper for the Plaintiff to merely list constitutional or federal rights. Further, Plaintiff must provide support in the statement of facts for the claimed violations.
>
> 2) Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint. Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. Plaintiff must also show how he was harmed or injured by the actions and/or omissions of the defendant(s).
>
> 3) Plaintiff should name only defendants who participated in the alleged deprivation of constitutional rights or those persons who directed the action and/or omission that resulted in such deprivation.

Accordingly, it is

**ORDERED:**

1. Leave to Proceed (doc. 2) is GRANTED.

2. The **Clerk** is directed to send the Plaintiff a blank Civil Rights Complaint form.

3. After carefully considering whether he can state a cause of action in accordance with this Order, Plaintiff shall file an amended complaint on or before August 27, 2010.

4. Failure to comply with this Order may result in the dismissal of this action.

**DONE AND ORDERED** this  *11th* day of August, 2010

                 *s/Maurice M. Paul*
                 Maurice M. Paul, Senior District Judge